# IN THE UNITED STATES DISTRICT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **LAURIE DEWINE,** | : | Case No. 1:20-cv-939 |
| | : | |
| | : | Judge |
| **Plaintiff,** | : | |
| vs. | : | |
| | : | |
| **HEARING HEALTH MI, LLC,** | : | |
| 115 Route 46, Suite G51 | : | |
| Mountain Lakes, NJ 07046 | : | |
| | : | |
| and | : | |
| | : | **COMPLAINT AND** |
| **HEARING HEALTH USA, LLC,** | : | **JURY DEMAND** |
| 115 Route 46, Suite G51 | : | |
| Mountain Lakes, NJ 07046 | : | |
| | : | |
| and | : | |
| | : | |
| **BELSONO MANAGEMENT GROUP,** | : | |
| 115 Route 46, Suite G51 | : | |
| Mountain Lakes, NJ 07046 | : | |
| | : | |
| **Defendants.** | : | |

## INTRODUCTION

1. This is an action for disability discrimination and retaliation in violation of the Americans with Disabilities Act as amended (ADAAA), 42 U.S.C. § 12101 and 42 U.S.C. § 12203(a), and O.R.C. §§ 4112.02(A) and 4112.02(I) as enforced through O.R.C. § 4112.99. Plaintiff also asserts age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.

## JURISDICTION

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 as there is a federal question. The court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

3. Venue is proper in this district because all acts complained of occurred in the Southern District of Ohio.

## PARTIES

4. Plaintiff is a Doctor of Audiology and a former employee of Defendants.

5. Defendant Hearing Health MI, LLC (HHMI), is a limited liability company organized in the state of Michigan, with headquarters in the state of New Jersey. It operates audiology offices throughout the United States, including The Place for Better Hearing (PBH), formerly owned by Plaintiff, in the Southern District of Ohio.

6. Defendant Hearing Health USA, LLC (HHUSA), is the parent company of Defendant HHMI. It is organized under the laws of Pennsylvania, with headquarters in the state of New Jersey. Through its subsidiaries, it operates numerous audiology offices throughout the United States, including the one formerly owned by Plaintiff in the Southern District of Ohio.

7. Defendant Belsono Management Group (Belsono) oversaw the day-to-day operations and human resource functions for Defendants HHMI and HHUSA and PBH in Cincinnati where Plaintiff was physically located.

## FACTS

8. In 2004, Plaintiff founded PBH. She owned and operated the busines.

9. In January of 2018, Plaintiff sold PBH to HHMI. As part of the Asset Purchase Agreement, she became an employee of HHMI. The parties also negotiated an Employment Agreement, which became effective in January of 2018.

10. On January 23, 2018, Plaintiff advised Michelle Giddings and Avery Spector that due to surgery on her vocal cords, she would need to set aside time throughout the day when she could avoid talking.  At the time, Ms. Giddings was the Vice President of Business Development Defendant HHUSA, and Mr. Spector was the Vice President of Sales for Defendants HHUSA and Belsono. As an accommodation, Giddings and Spector allowed "administrative time" for vocal breaks scheduled during the day.  During those times, Plaintiff would do paperwork or other tasks that needed to be done.  She did not waste the time. Records reflect that Plaintiff's location in Cincinnati was the highest volume center for hearing aid sales in Ohio for the months of April and May of 2018.

11. In June of 2018, without explanation, the corporate office changed the schedule and eliminated Plaintiff's administrative time for vocal breaks.

12. On June 26,  2018, Plaintiff sent an email to Ms. Giddings and requested a reasonable accommodation in the form of vocal breaks.

13. Ms. Giddings referred Plaintiff to Scott Schrack, the Human Resources Director at Belsono.  He asked Plaintiff to provide a doctor's note regarding the need for vocal breaks.

14. On about July 10, 2018, Plaintiff emailed Mr. Schrack a letter from Dr. Wendy LeBorgne, her voice pathologist. Dr. LeBorgne requested that Plaintiff's appointment slots should be increased to one-hour and 15 minutes to allow Plaintiff to have 15 minutes of voice rest following 60 minutes of patient contact.

15. On July 16, 2018, Mr. Schrack and Kim Cleary, the Ohio Regional Manager for Belsono, met with Plaintiff. They terminated her employment and gave her a letter on HHUSA letterhead signed by Michelle Giddings. According to Ms. Giddings, Defendant HHMI decided to terminate Plaintiff "without cause" per the terms of her Employment Agreement.

16. Plaintiff was 63 years old at the time of her termination. She was replaced by Trisha Billger. Upon information and belief, Ms. Billger is in her mid-30s and she does not have a disability.

17. Plaintiff filed charges for disability and age discrimination and retaliation against Defendants with the Equal Employment Opportunity Commission (EEOC). The EEOC completed its processing of the charge and issued a notice of right to sue on or after August 20, 2020.

## COUNT I
### (Disability Discrimination)

18. Plaintiff incorporates Paragraphs 1-17 as if fully restated.

19. Plaintiff was a disabled employee within the meaning of the ADAAA, 42 U.S. Code § 12102 (1) and O.R.C. § 4112.01 (13). Defendants were aware of Plaintiff's disability and took adverse actions against her as a result. Defendants terminated Plaintiff shortly after she requested accommodation and replaced her with a non-disabled employee. Defendants failed to provide a legitimate reason for Plaintiff's termination, and the stated reason for dismissal is a pretext for disability discrimination. Defendants' conduct violated the ADAAA, O.R.C. § 4112.02 (A) as enforced through § 4112.99.

## COUNT II
### (Retaliation - ADAA and Ohio Revised Code Chapter 4112)

20. Plaintiff incorporates Paragraphs 1-19 as if fully restated.

21. Plaintiff engaged in protected conduct when she requested an accommodation for her disability.  Defendants were aware of Plaintiff's protected conduct and retaliated against her shortly thereafter by terminating her employment without legitimate reason or cause.

22. Defendants' conduct violated 42 U.S.C. § 12203(a) and O.R.C. § 4112.02(I) as enforced through O.R.C. § 4112.99

## COUNT III
### (Age Discrimination)

23. Plaintiff incorporates Paragraphs 1-22 as if fully restated.

24. Plaintiff is over 40 years of age and was protected from discrimination under the ADEA.  Plaintiff was qualified for her position. She suffered an adverse action when Defendants terminated her employment.  Defendants replaced Plaintiff with a substantially younger employee. Defendants failed to provide a legitimate reason for Plaintiff's termination, and the stated reason for dismissal is a pretext for age discrimination.

25. Defendants have violated the ADEA. Defendants' conduct was willful.

26. As a result of Defendants' conduct, Plaintiff has suffered lost income and benefits and such losses are expected to continue.  Plaintiff has further suffered emotional distress and mental anxiety.

27. Wherefore, Plaintiff requests the following:

   a. reinstatement or front pay in lieu thereof;

   b. damages for all lost income and benefits;

   c. compensatory damages for her disability discrimination claims;

   d. punitive and/or liquidated damages;

   e. reasonable attorney's fees and costs;

   f. pre-judgment interest; and

   g. all other legal and equitable relief to which she is entitled.

26. Plaintiff demands a trial by jury on all issues triable by jury.

                                        Respectfully submitted,

                                        s/ David Torchia
                                        David Torchia (0015962)
                                        Tobias, Torchia & Simon
                                        302 Mercantile Center
                                        120 E. Fourth Street
                                        Cincinnati, OH 45202
                                        (513) 241-8137
                                        davet@tktlaw.com
                                        Attorney for Plaintiff